IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TRACIE L. MILES,**

        **Petitioner,**

    v.                     CASE NO. 09-3233-SAC

**WARDEN A. HICKSON,**
**et al.,**

        **Respondents.**

### O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the New Mexico Women's Correctional Facility, Grants, New Mexico. Petitioner has also filed a motion to proceed in forma pauperis (Doc. 2), with supporting financial information indicating the motion should be granted.

Ms. Miles' petition indicates she was convicted upon her pleas of guilty in Reno County District Court, Hutchinson, Kansas, of First Degree Murder, Aggravated Robbery, and Forgery. She was sentenced on April 22, 1999, to consecutive terms of life, 51 months, and 9 months, respectively. No direct appeal from the convictions or sentences was filed. Petitioner alleges that no other petitions, applications or motions have been filed concerning these convictions in any state court.

As ground one for her petition, Ms. Miles claims that she received ineffective assistance from her defense counsel. In support, she alleges that he coerced her into pleading guilty in exchange for a sentence of life in prison, advising her that if she went to trial she would either get the death penalty or the "hard 40". She also alleges she "now understands" there "was no evidence against" her and "plenty of evidence against (her) co-defendant."

As ground 2 for her petition, Ms. Miles claims she was denied a change of venue and "would have felt more comfortable with a jury trial" if venue had been changed. In support, she alleges the charges were widely published and reported, and she felt she could not receive a fair trial with the "great prejudice against (her) in Reno County." She exhibits the motion for change of venue filed by her attorney in the trial court, and indicates it was denied.

As ground 3, the court adds petitioner's claim that she was innocent of Murder in the First Degree, and should have been charged with Second Degree Murder or Conspiracy to Commit Murder instead.

Petitioner admits that she has not presented "any grounds in any court," and this is her first time filing anything. However, she also makes the contrary allegation that she has filed a motion to withdraw guilty plea, that has not yet been determined, and yet also states she has no petition "now pending". Petitioner's explanations for her failure to pursue any state court remedies are: she "was just a kid and had no idea" what an appeal was, she did not know how to do a direct appeal, and that after she was sentenced she was told she "could not raise any issue in any way." She also alleges that her lawyer told her "there was nothing more (she) could do about the judgment." Petitioner states as another reason for not having presented her claims in state court, that she is outside the filing time limitations.

In response to the question on her form petition regarding the federal statute of limitations, Ms. Miles alleges she was 17 at the time of her sentencing and that her lawyer scared her by telling her if she tried to prove her innocence she would die in prison. She further alleges she never knew she could appeal, and is just

2

realizing that she was "not at fault for this crime." She states that she wants a chance to prove she is innocent of the murder of her own mother, and to tell the true story to a jury.

**FAILURE TO EXHAUST STATE COURT REMEDIES**

A petition for writ of habeas corpus may not proceed in state court unless and until the applicant has exhausted all remedies available in the state courts. 28 U.S.C. 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Id. Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. 2254(b)(1)(B). "A state prisoner must give the state courts an opportunity to act on his (or her) claims before he (or she) presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner admits she has not presented any of her claims to any state court including the highest state court. She is required

to seek post-conviction relief in the state district court in which she was tried; if relief is denied by that court she must appeal to the Kansas Court of Appeals; and if that court denies relief petitioner must file a Petition for Review in the Kansas Supreme Court.

The court finds that this action should be dismissed because Ms. Miles has not presented her claims to the Kansas courts. Her excuses for her failure, such as that she did not know how to proceed, that she has missed the filing deadlines in state court, and that she is just realizing she is innocent of First Degree Murder are completely conclusory. Moreover, while Ms. Miles was only 17 at the time of the offenses, her not being an attorney or knowledgeable of the law at 29 is not a legally sufficient excuse for her failure to exhaust state remedies in the 12 years since her convictions.

Furthermore, if petitioner currently has a motion to withdraw pending, she may not proceed in federal court until she has pursued all available remedies through all stages in the state court system.

**PETITION IS TIME-BARRED**

In any event, it appears this federal petition is time-barred. Ms. Miles had one year from the date her Reno County convictions became "final" to file a petition challenging those convictions in federal court. See 28 U.S.C. § 2244(d)[1]. Since she filed no direct

---

[1] The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct

4

appeal, it appears her state convictions became "final" in 1999. Thus, she had until sometime in 2000 to file a petition in federal court, unless she is able to show entitlement to either statutory or equitable tolling for the nine years since her convictions became final. If she cannot make such a showing, the time in which she could file a federal habeas corpus petition expired many years ago, and this action must be dismissed as time-barred. Ms. Miles will be given time to show cause why this action should not be dismissed for failure to exhaustion state court remedies and as time-barred. If she fails to show good cause in the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days in which to show cause why this action should not be dismissed for failure to exhaust state court remedies and as time-barred.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

5